**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJESH GAUR,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF HOPE; BECKMAN RESEARCH INSTITUTE OF THE CITY OF HOPE,<br><br>            Defendants - Appellees. | No. 12-57089<br><br>D.C. No. 2:11-cv-00651-SJO-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 9, 2014
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and SMITH, District Judge.[**]

Plaintiff Rajesh Gaur ("Dr. Gaur") appeals from a judgment entered on a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William E. Smith, District Judge for the U.S. District Court the District of Rhode Island, sitting by designation.

jury verdict in favor of his former employer, Defendant Beckham Research Institute of the City of Hope ("BRI"), on his Title VII claim. We affirm.

The district court excluded evidence relating to promotion decisions made by Dr. Arthur Riggs, who served as BRI's Director before Dr. Richard Jove, the ultimate decision-maker with respect to Dr. Gaur's denial of promotion and discharge. We review a district court's evidentiary rulings for abuse of discretion. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005).

Dr. Gaur acknowledges that, after Dr. Jove became the Director of BRI, only Dr. Jove had the authority to decide whether Dr. Gaur would be terminated or promoted. Dr. Gaur contends, however, that past evidence of Dr. Riggs's allegedly "discriminatory decisions" with respect to Asian and white professors is relevant to establishing a pattern of discrimination that continued under Dr. Jove. In support of this contention, Dr. Gaur relies primarily on the so-called "cat's paw" theory of liability. *See Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1190 (2011).

The district court did not abuse its discretion in excluding the evidence. Dr. Gaur did not establish that any of Dr. Riggs's actions was the "proximate cause of the ultimate employment action." *Id.* at 1194. Whether Dr. Riggs had made discriminatory promotion decisions therefore had no pertinence in determining why Dr. Gaur was not promoted.

2

Dr. Riggs recommended in a December 2007 email to Dr. Jove that he defer Dr. Gaur's promotion decision for one year. But there is no evidence suggesting that Dr. Riggs played a role in the two later, determinative, employment decisions made by Dr. Jove — the further extension in March 2008 and the denial of promotion in September 2009. Likewise, the contention that Dr. Riggs's alleged error about Dr. Gaur's grant funding history, which was communicated to Dr. Jove in September 2007, put Dr. Gaur on a "deferral track" is unsupported by the record. The error was corrected, so Dr. Jove was not under a misapprehension when he made his decisions.

Moreover, the evidence at trial indicated that, after becoming Director of BRI, Dr. Jove put a "hold" on *all* promotions so he could develop "consistent and clear policies for promotion" that specifically emphasized the need for professors to obtain "substantial" extramural grant funding to support their research. Dr. Gaur conceded that he had no active grant support when his promotion was considered in September 2007, nor when he was discharged in September 2009. Likewise, two of the three white co-workers on which Dr. Gaur focused at trial — Dr. Kevin Ferreri and Dr. Chauncey Bowers — were also denied promotion by Dr. Jove because they had failed to obtain qualifying grants.

Furthermore, Dr. Gaur did not show that any of the professors who *were*

3

promoted by Dr. Jove had failed to obtain extramural grant funding that "conformed" to BRI's promotion policies and procedures. Dr. Gaur argues that the circumstances under which one professor — Dr. Karen Aboody — received her grant funding prove that BRI treated him unfavorably on account of his race and national origin. But the district court did permit Dr. Gaur to offer "evidence regarding the disparate treatment extended to Dr. Aboody" to the jury, and he did so, at length, at trial.

In short, the district court's exclusion of evidence concerning promotion decisions made by a prior Director was not an abuse of discretion.

**AFFIRMED.**